## HISE v. FOSTER *et al.*

1. Promissory note: LIQUIDATED DAMAGES. The defendants executed their promissory note for "one hundred bushels of good, sound merchantable corn," to be delivered at a place named in the note, the note reciting that "this corn is estimated at twenty dollars." *Held*, that the damages for a non-performance of the contract to deliver the corn, was liquidated at twenty dollars, by the agreement of the parties to the note.

*Appeal from Marion District Court.*

TUESDAY, JUNE 28.

ACTION founded upon the following instrument:

"*Feb.* 18*th*, *A. D.* 1863. On or before the first day of December next, we, or either of us, promise to pay to

Elizabeth Hise, one hundred bushels of good, sound, mer-
chantable corn, to be delivered on the J. A. Wilbur farm.
This corn is estimated at twenty dollars.

    (Signed)               "JOSEPH B. FORBES,
                        "JOSEPH A. WILBUR."

The defense set up is that the above note was given in
part payment of a horse purchased at $39; that $10 was
paid in cash, and $9 in wheat. The balance, $20, was to
be paid as stipulated in the above instrument. That at the
time said note was given, corn was worth fifteen cents per
bushel, but that by agreement of the parties to said note,
twenty cents per bushel was stipulated upon as the price of
the corn, to be paid in liquidation of said note for the corn
aforesaid. The cause was tried by the court, who found
and entered upon the record the following facts:

1. That the defendants executed and delivered to the
plaintiff the above described note.

2. That said Elizabeth is, and was at the time of com-
mencing suit, a married woman, and wife of said Wm. E.
Hise.

3. That the corn was, on the 1st of December, 1863, at
the place where said corn was to have been delivered, worth
fifty cents per bushel.

4. That the plaintiff demanded the corn at the time and
place where the same was to have been delivered, and
defendants refused to deliver the same, but offered to pay
twenty dollars. And there being no other facts proved,
the court, upon said facts, rendered judgment for plaintiff
for fifty $\frac{75}{100}$ dollars and costs. A motion for a new trial
was overruled, and the defendants appeal.

*Casady & Polk* for the appellants.

No appearance for the appellee.

LOWE, J.—We are of opinion that the court erred in its
conclusion upon the facts found, and has failed to give effect

1. PROMIS-
SORY NOTE:
liquidated
damages. to the contract, according to the real intent of the parties. In the contract for the delivery of the corn, and as a part thereof, the parties have thought proper to estimate or fix the value of the same in money, showing thereby, not only the amount of the defendants' indebtedness, but what must be taken as stipulated, or stated damages, in the event there should be a failure to deliver the amount of corn specified. In arriving at the true intention of the parties, we must look at the subject matter of the contract, and the language employed. In casting about for an object in valuing the corn to be delivered, it is difficult to imagine any, unless it is that the parties meant to state the amount in gross to be paid for the non-performance of the agreement. At all events, the measure of damages, according to the intent of the parties, as expressed by the words of the instrument, is not the value of the article called for by the contract at the date of payment, but the amount specified and fixed upon the face of the instrument as a part of the contract.

As we interpret the contract, the decision below must be reversed, and the cause remanded, that a judgment may be rendered in accordance with this opinion, the costs in this court to be paid by the appellee.

Reversed.